IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–02782–RM–KMT

KENNETH SHERWOOD,

    Plaintiff,

v.

BRT CORPORATION, d/b/a The Advantage Group, d/b/a Professional Affiliates Company,

    Defendant.

## ORDER

This matter is before the court on Plaintiff's "Motion for Partial Reconsideration of Magistrate Report and Recommendation." (Doc. No. 55, filed Aug. 14, 2014.) Defendant's Response was filed on September 4, 2014 (Doc. No. 58) and Plaintiff's Reply was filed on September 17, 2014 (Doc. No. 60). For the following reasons, Plaintiff's Motion for Reconsideration is DENIED.

## BACKGROUND

Plaintiff's Complaint, filed October 19, 2012, asserts six claims against Defendant for violations of the Fair Debt Collection Practices Act (FDPCA), 15 U.S.C. § 1692 *et seq.,* and the Electronic Fund Transfers Act (ETFA), 15 U.S.C. § 1693 *et seq.* Plaintiff's FDCPA claims allege that Defendant violated the FDCPA by (1) making an allegedly unauthorized withdrawal of $538.99 from his checking account to pay off a debt ("the Debt") he owed to the City of

Littleton, and (2) attempting to collect eight percent statutory interest on that debt. (*See generally id.*)

On September 16, 2013, Defendant filed a Motion for Summary Judgment. (Doc. No. 27.) On July 8, 2014, the court entered a Recommendation that Defendant's Motion for Summary Judgment be granted as to Plaintiff's EFTA claims and denied with respect to Plaintiff's FDCPA claims. (Doc. No. 48.) As is relevant to this Order, the court found summary judgment was not appropriate on Plaintiff's FDCPA claims regarding Defendant's allegedly improper attempts to collect statutory interest because there was a factual issue as to the interest rate, if any, that Defendant was entitled to collect. (*Id.* at 14-15.) More specifically, because Defendant had not produced the agreement creating the debt, the court could not determine whether an interest rate other than the statutory rate of eight percent applied to the debt. (*Id.*)

In addition, in light of the absence of any evidence of the agreement creating the debt, the court declined to resolve Plaintiff's alternative argument that the City of Littleton waived the right to collect interest on the Debt, if any, by failing to collect interest for over a year prior to hiring Defendant to collect the Debt. (*Id.* at 16 n.3.) The court concluded that an analysis of this waiver issue was not ripe because it would likely hinge on a determination of whether the right to collect interest on the Debt, if any, was statutory or contractual. (*Id.*)

The Recommendation advised the parties that they may file and serve written objections to the proposed findings and recommendations no later than fourteen days after service of the Recommendation. Neither party filed objections to the Recommendation.

Plaintiff now admits that there was not a contract or agreement that created the Debt. As such, Plaintiff asserts that his waiver argument is (1) ripe because Defendant's right to collect

2

interest was necessarily statutory, and (2) should be resolved in his favor because the right to collect statutory interest was waived when Littleton failed to collect or attempt to collect interest for more than a year. In addition, Plaintiff contends that the statutory interest provision discussed in the Recommendation, Colo. Rev. Stat. § 5-12-102, does not apply in this case because it only governs an award of prejudgment interest after a judgment has been secured. Plaintiff also asserts that the only other statutory interest provision, Colo. Rev. Stat. § 5-12-101, did not confer Defendant with a right to collect interest on the debt because it only pertains only to "interest on money." Ultimately, based on these circumstances, Plaintiff maintains that the court should reconsider its Recommendation and find that *he* is entitled to summary judgment on his FDCPA claims regarding the collection of interest.

## LEGAL STANDARD

"A district court has discretion to revise interlocutory orders prior to entry of final judgment." *Trujillo v. Bd. of Educ. of Albuquerque Pub. Sch.,* 212 F. App'x 760, 765 (10th Cir. 2007) (citing *Price v. Philpot,* 420 F.3d 1158, 1167 n.9 (10th Cir. 2005)); *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 12 (1983) ("[E]very order short of a final decree is subject to reopening at the discretion of the district judge.") "A motion to reconsider must do two things: First, it must demonstrate some reason why the court should reconsider its prior decision. Second, it must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Shield v. Shetler,* 120 F.R.D. 123, 126 (D. Colo. 1988).

The three main grounds justifying reconsideration are "(1) an intervening change in controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir.

3

2000). Put simply, a motion to reconsider is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete,* 204 F.3d at 1012. A motion to reconsider "should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." *Nat'l Bus. Brokers, Ltd. v. Jim Williamson Products, Inc.,* 115 F. Supp. 2d 1250, 1256 (D. Colo. 2006) (internal citations and quotation marks omitted).

## ANALYSIS

As a threshold matter, the court notes the somewhat anomalistic posture of Plaintiff's Motion. At this juncture, a final order on Defendant's Motion for Summary Judgment has not been entered; instead, this court has issued only a recommended disposition of Defendant's Motion for Summary Judgment to District Judge Raymond P. Moore. Plaintiff could have raised the arguments asserted in his Motion through an objection to the Recommendation, but declined to do so. Ultimately, there is no interlocutory order for the court to modify or reconsider.

Even assuming the court's authority to modify an interlocutory order applies with equal force to a recommendation, the court finds that Plaintiff has failed to demonstrate grounds sufficient to justify reconsideration. First, Plaintiff does not contend that there has been an intervening change of law since the Recommendation was issued. Second, Plaintiff has not asserted any facts or circumstances demonstrating that he only recently discovered the absence of any agreement. Indeed, to the contrary, Plaintiff's primary basis for his assertion that there was no agreement is that he was unconscious at the time he received the medical care giving rise to the Debt—a fact he obviously knew long before this case was filed.

The court finds that reconsideration based on Plaintiff's admission that there is no agreement creating the debt would be particularly inappropriate because he effectively took the exact opposite position in responding to Defendant's Motion for Summary Judgment. More specifically, in its Motion for Summary Judgment, Defendant argued that Plaintiff's FDCPA claims failed because there was no agreement between the parties and therefore it was entitled to collect statutory interest. (*See, e.g.,* Mot. Summ. J. at 8-9.) However, rather than admitting in his Response that there was no agreement creating the Debt, Plaintiff asserted that summary judgment was not appropriate because Defendant had failed to produce the agreement creating the debt, and therefore, failed to show that the agreement did not specify an interest rate.

If Plaintiff had admitted, as he does now, the absence of any such agreement, the court could have addressed all questions of law arising from that undisputed fact—including the question of whether Littleton had waived any right to collect statutory interest on the debt. Instead, Plaintiff strategically waited until after obtaining a favorable Recommendation on Defendant's Motion for Summary Judgment to perform this "about face" on the facts. Moreover, based on this changed position, Plaintiff now seeks summary judgment in *his* favor, even though he never made any effort to file his own cross-motion for summary judgment prior to the dispositive motions deadline.[1] Ultimately, the court declines to condone Plaintiff's hide-the-ball tactics by reconsidering its Recommendation.[2]

---

[1] Although the court is authorized to grant summary judgment in favor of Plaintiff, the nonmovant, upon reasonable notice and an opportunity to respond, Fed. R. Civ. P. 56(f)(1), this court declines to recommend that Judge Moore do so based on an undisputed facts that was concealed from this court in the briefing on Defendant's Motion for Summary Judgment.

[2] To the extent Plaintiff argues that proceeding to trial would be inefficient when there is no dispute of fact as to the existence of an agreement creating the Debt (Reply at 2), Plaintiff bears

5

The court also declines to reconsider whether Colo. Rev. Stat. § 5-12-101, rather than § 5-12-102, is the relevant statutory-interest provision in this case.  First, as already mentioned, Plaintiff could have filed an objection with District Judge Moore on this ground, but failed to do so.  Second, the only authority submitted by Plaintiff to suggest that § 5-12-102 is inapplicable is *Nikkel v. Wakefield & Associates, Inc.,* Case No. 10-cv-02411-PAB-CBS, 2012 WL 5571058, at *14 (D. Colo. Nov. 15, 2012).  Although the court relied on *Nikkel* throughout its Recommendation, it is still an unpublished district court decision, and therefore does not constitute controlling law.  *Wilner v. Budig,* 848 F.2d 1032, 1035 (10th Cir. 1988) (quoting *Starbuck v. City & Cnty. of San Francisco,* 556 F.2d 450, 457 n.13 (9th Cir. 1977) ("The doctrine of *stare decisis* does not compel on district court judge to follow the decision of another.").  As such, the court is not convinced that it was *clear* error to apply § 5-12-102, particularly when both parties exclusively relied on that statutory provision in their briefing.[3]

Accordingly, for the foregoing reasons, it is

ORDERED that Plaintiff's "Motion for Partial Reconsideration of Magistrate Report and

---

sole responsibility for this purported waste of judicial resources, and thus cannot be heard to complain. More importantly, the court notes that a trial will still be required on Plaintiff's claims that Defendant violated the FDCPA by making an unauthorized withdrawal of $538.99 from his checking account.

[3] Moreover, even if § 12-5-101 does govern in this action, the court is not convinced that it is inapplicable to the Debt merely because it governs the "interest on *money*." Colo. Rev. Stat. § 5-12-101 (emphasis added). Plaintiff has not cited any authority suggesting that the statute does not apply to a debt similar to the one at issue in this case.

Recommendation" (Doc. No. 55) is DENIED.

Dated this 5th day of November, 2014.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge