**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 12–cv–02782–RM–KMT

KENNETH SHERWOOD,

      Plaintiff,

v.

BRT CORPORATION, d/b/a The Advantage Group, d/b/a Professional Affiliates Company,

      Defendant.

---

## ORDER

---

      This matter is before the Court on Plaintiff Kenneth Sherwood's ("Sherwood") motion for attorneys' fees, non-taxable expenses, and costs ("Motion") from BRT Corporation ("BRT"). (ECF No. 87.)  The Motion is fully briefed and ripe for adjudication.  (ECF Nos. 88; 93.)

      For the following reasons, the Court GRANTS, in part, and DENIES, in part, Plaintiff's Motion.

## I.      BACKGROUND

      On October 19, 2012, Plaintiff filed his complaint against Defendant alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, and the Electronic Fund Transfers Act ("EFTA"), 15 U.S.C. §§ 1693 *et seq*.  (ECF No. 1.)  Plaintiff's complaint (ECF No. 1) alleged four claims under the FDCPA (ECF No. 1 ¶¶ 36-43) and two claims under the EFTA (ECF No. 1 ¶¶ 44-47).

On September 16, 2013, Defendant moved for summary judgment on each of Plaintiff's claims.  (ECF No. 27.)

On July 8, 2014, Magistrate Judge Kathleen M. Tafoya recommended to grant Defendant's motion for summary judgment on Plaintiff's EFTA claims (ECF No. 1 ¶¶ 44-47) and to deny Defendant's motion for summary judgment on Plaintiff's FDCPA claims (ECF No. 1 ¶¶ 36-43).  (ECF No. 48 at 18.)

On January 15, 2015, the Court accepted and adopted the Recommendation.  (ECF No. 63.)

On March 16 and 17, 2015, the matter proceeded to a jury trial.  (*See* ECF Nos. 77-85.) The jury returned a verdict that Defendant violated the FDCPA as alleged in Claim Four of the Complaint (ECF No. 1 ¶¶ 42-43) and that Defendant did not violate the FDCPA as alleged in Claims One, Two, and Three of the Complaint (ECF No. 1 ¶¶ 36-41).  (ECF No. 83.)  On March 18, 2015, the Court entered judgment in Plaintiff's favor and against Defendant as follows: $31.00 in actual damages and $1,000.00 in statutory damages; and ordered that Plaintiff is awarded costs.  (ECF No. 86.)

On April 1, 2015, Plaintiff filed the Motion currently before the Court.  (ECF No. 87.) Plaintiff seeks $35,150.50 in attorneys' fees as well as $1,833.44 in non-taxable expenses and costs.

## II.   LEGAL STANDARDS

Motions for attorney's fees are governed by Federal Rule of Civil Procedure 54(d)(2). Generally, the "American Rule" provides that "the prevailing litigant is ordinarily not entitled to reasonable attorney's fees." *Alyeska Pipeline Serv. Co. v. Wilderness Soc.*, 421 U.S. 240, 247

(1975).  Under the FDCPA, attorneys' fees are granted to successful litigants pursuant to 15 U.S.C § 1692k(a)(3).

If fees are to be awarded, the Court's Local Civil Rules require that a motion for attorney's fees contain both "a detailed description of the services rendered [and] the amount of time spent" and "a summary of relevant qualifications and experience."  D.C. Colo. L. Civ. R. 54.3(b).  To determine a reasonable fee request, a court must begin by calculating the "lodestar amount."  *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998).  The lodestar amount is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

Assessment of attorney's fees is a discretionary one; ever more so given the Court's understanding of the litigation and the "desirability of avoiding frequent appellate review of what are essentially factual matters."  *Hensley*, 461 U.S. at 437.  Importantly, the Court "need not identify and justify every hour allowed or disallowed" with respect to legal services rendered.  *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996) (citation omitted).  Doing so would only run counter to the "Supreme Court's warning that a request for attorney's fees should not result in . . . major litigation."  *Id*. (internal quotation and citation omitted).

## III.   ANALYSIS

The parties dispute the reasonableness of Plaintiff's attorneys' hourly rates and time spent in this litigation.  The parties also dispute whether the Court has authority to order the payment of costs or whether Plaintiff should have pursued costs directly with the Clerk of the Court.

A.      **Reasonable Attorneys' Fees**

1.      **Hourly Rate**

A party seeking an award of attorney's fees must establish the reasonableness of each dollar and each hour for which the party seeks an award. *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995) (citation omitted).  A "reasonable rate" is defined as the prevailing market rate in the relevant community for an attorney of similar experience. *Guides, Ltd. v. Yarmouth Group Prop. Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002) (citation omitted).  In order to satisfy its burden, plaintiff must produce "satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

Here, Plaintiff's counsel asserts[1] a billing rate of $250.00 per hour for all attorneys.  (ECF No. 87 at 13.)  The District of Colorado has previously held that the prevailing rate in Colorado is between $200.00 and $250.00 per hour for attorneys representing clients in FDCPA cases depending on the attorney's skill, experience, and reputation. *Walter v. HSM Receivables*, Case No. 13-CV-00564-RM-KLM, 2015 WL 2019104, at *3 (April 30, 2015) (collecting cases); *Hemphill v. Ace Adjustment Co.*, Case No. 13-CV-01214-RM-BNB, 2014 WL 4783832, at *3 (D. Colo. Sept. 25, 2014) (citation omitted); *see also White v. Cavalry Portfolio Servs., LLC*, Case No. 11-CV-02217-LTB-KLM, 2012 WL 899280, at *2 (D. Colo. Mar. 16, 2012) (finding $250 as reasonable attorney's fees) (collecting cases).  While broad discretion is involved in the assessment of attorney's fees, that discretion is somewhat cabined by what others in the District of Colorado have also found to be reasonable given that the Court looks to the market rate in the

---

[1] Plaintiff fails to provide an affidavit or other evidence in support of the Motion that $250.00 per hour is the prevailing market rate for attorneys in FDCPA claims.

local community.  *See White*, Case No. 11-CV-02217-LTB-KLM, 2012 WL 899280, at *2. Plaintiff's counsel argues that each of the attorneys[2] involved in this litigation has substantial experience with FDCPA claims.  (*See* ECF No. 87 at 16-20.)

Defendant argues that $250.00 per hour is the applicable rate only for attorneys with substantial experience.  (ECF No. 88 at 6-8.)  Defendant does not define what constitutes sufficient experience to be entitled to the $250 per hour billing rate.  Defendant cites to *Peterson-Hooks v. First Integral Recovery, LLC*, Case No. 12-CV-01019-PAB-BNB, 2013 WL 2295449, at *8 (D. Colo. May 24, 2013), in which that court held that $200.00 per hour was a reasonable rate for an attorney in that matter.  (ECF No. 88 at 7.)

The District of Colorado has previously awarded $250.00 per hour to very experienced, skilled, and reputable FDCPA attorneys.  *See Howard v. Midland Credit Mgmt., Inc.*, Case No. 11-CV-3123-PAB-BNB, 2012 WL 4359361, at *2 (D. Colo. Sept. 24, 2012) (enumerating the qualifications of an attorney awarded $250.00 per hour, which included 10 years of experience specifically litigating FDCPA cases-over 1,300 of them- and lecturing at Continuing Legal Education seminars and participating at National Consumer Law Center Conferences).  The Court finds that Plaintiff's lawyers' summaries are insufficient to demonstrate the FDCPA experience, skill, and reputation requisite to justify an award of $250.00 per hour.

Because David McDevitt, Russ Thompson, Joe Panvini, R.J. Lamb, Tracey Tiedman[3], Craig Ehrlich, and Eric Awerbuch are attorneys with insufficient FDCPA experience, skill, and reputation in comparison to those in which the District of Colorado has found $250.00 per

---

[2] The Court notes that Plaintiff seeks recovery for Eric Awerbuch at a rate of $135.00 per hour for his time billed in this case prior to his becoming a licensed attorney.  Plaintiff provides no evidence in support that this is the prevailing market rate for a law clerk.  Therefore, the Court denies Plaintiff recovery for Awerbuch's work as a law clerk—both as to the number of hours and hourly rate.

[3] Plaintiff does not set forth how many years Tiedman has practiced FDCPA law nor when she received her law license.  (*See generally* ECF No. 87.)  But Defendant does not dispute that Tiedman is a licensed attorney.  (*See generally* Dkt.)

applicable, the Court finds that the rate of $200.00 per hour is the prevailing market rate for attorneys similar to them. *See Villanueva v. Account Discovery Sys., LLC*, 77 F. Supp. 3d 1058, 1080-81 (D. Colo. 2015) (reducing a FDCPA attorney fee request to $200 for an attorney); *see also Howard*, 2012 WL 4359361, at *2.

### 2.      Number of Hours

In determining the reasonableness of the hours expended, a court considers several factors. First, it considers whether the fees pertain to tasks that would ordinarily be billed to a client. *See Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983), *disapproved on other grounds as recognized by Penn. v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 717 n.4 (1987).  The Supreme Court has found non-compensable "purely clerical or secretarial tasks [which] should not be billed at a paralegal rate regardless of who performs them." *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989) (citation omitted).  A party must demonstrate that its counsel used "billing judgment" in winnowing down the hours actually spent to those reasonably expended. *Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1257 (10th Cir. 2005) (citation omitted).  Where this showing is not made, a court should take extra care to ensure that an attorney has not included unjustified charges in his billing statement. *Id*.  A court should also consider whether the amount of time spent on a particular task appears reasonable in light of the complexity of the case, the strategies pursued, and the responses necessitated by an opponent's maneuvering.  *Id*. Ultimately, the Court's goal is to fix a fee that would be equivalent to what the attorney would reasonably bill for those same services in an open market and fees will be denied for excessive, redundant, and otherwise unnecessary expenses. *Ramos*, 713 F.2d at 554.  The burden is on the party requesting fees to prove that its counsel exercised proper billing judgment. *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1250 (10th Cir. 1998) ("Counsel for the party claiming the

fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought all hours for which compensation is requested and how those hours were allotted to specific tasks.") (citation omitted).  Counsel should make a "good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary."  *Hensley*, 461 U.S. at 434.  "Where an attorney has failed to exercise billing judgment, the [C]ourt may do so for him by striking problematic entries or by reducing the hours requested by a percentage intended to substitute for the exercises of billing judgment."  *Varley v. Midland Credit Mgmt., Inc.*, Case No. 11-CV-02807-REB-MJW, 2012 WL 2107969, at *2 (D. Colo. June 11, 2012) (citations omitted).

Recovery of fees for resolving an attorney's fee request is normally allowed even after the merits of the dispute have been settled[4].  *Hernandez v. George*, 793 F.2d 264, 269 (10th Cir. 1986) (citations omitted).  However, a petitioner's claim for a reasonable fee must be vindicated in order to support such an award.  *See Glass v. Pfeffer*, 849 F.2d 1261, 1266 n.3 (10th Cir. 1988) ("It is obviously fair to grant a fee for time spent litigating the fee issue, at least if the fee petitioner is successful and his claim as to a reasonable fee is vindicated, since it is the adversary who made the additional work necessary.") (citation and internal quotations omitted); *see also Cummins v. Campbell*, 44 F.3d 847, 855 (10th Cir. 1994) (finding that, while an attorney is generally allowed to recover fees for work in seeking attorney fees, a district court has discretion to deny an award for those hours if the underlying claim for fees is unreasonable).

Here, Plaintiff's counsel has voluntarily reduced his "request for fees incurred prior to October 22, 2013, the date he filed his response to Defendant's motion for summary judgment by 25%, to reflect the fact that Plaintiff was unsuccessful on his EFTA claim."  (ECF No. 87 at 12-

---

[4] Plaintiff makes a request for time spent in drafting the reply brief in support of the Motion.  (ECF No. 93 at 2.) The Court denies this request for additional time spent in drafting the reply brief because the reasonable fee request initially claimed by Plaintiff is not vindicated by this Order.

13.)  Defendant argues that "too many attorneys and paralegals were apparently involved in the processing of this simple matter. . . ."  (ECF No. 88 at 5.)  Defendant argues that a 25% reduction in hours (across-the-board but which is not defined) is appropriate.  (ECF No. 88 at 5.)  Defendant misses that Plaintiff voluntarily undertook this action for fees incurred prior to October 22, 2013.  Four claims proceeded to trial on which Plaintiff was successful on one.  (ECF Nos. 77-85.)

Defendant argues that "[t]asks identified within the Plaintiff's billing summary . . . that fit within this category (*i.e.*, entries for filing documents, downloading documents from PACER, saving documents to Plaintiff's counsel's systems, converting documents to .pdf format, diaries of dates contained in orders, construction of exhibit books for trial . . ., etc.)" are not properly compensable.  (ECF No. 88 at 17.)  The Court agrees with Defendant's contention with the exception of the construction of exhibit books because those relate to the Court's civil practice standards and as such, are not purely administrative or clerical.

Further, Defendant argues that travel time should be excluded from the number of hours expended in furtherance of this litigation.  (ECF No. 88 at 16-17.)  Defendant submits no authority in support of this proposition.  (*See generally* Dkt.)  The Court is not persuaded by Defendant's argument as Plaintiff is entitled to counsel of his choice.

In light of the above, the Court reduces Tremain Davis's billing time by 3.2 hours; Russel Thompson's billing time by .1; Eric Awerbuch's billing time by .1[5]; and R.J. Lamb's billing time by .1.  Because Plaintiff was not fully vindicated in its request for attorneys' fees, the Court does not award Plaintiff's supplemental request for additional attorney fees based upon the filing of a reply brief in support of their Motion.

---

[5] *See supra* III.A.1 for a discussion as to the reduction of Awerbuch's hours during the time he was a law clerk.

### 3. Paralegal Fees

Here, Plaintiff's counsel asserts a billing rate of $135.00 per hour for paralegal work. (ECF No. 87 at 13, 20.) Plaintiff sets forth Tremain Davis's work experience. (ECF No. 87 at 20.) Plaintiff's counsel provides no affidavit or other evidence in support to establish that this is the prevailing market rate for paralegals of similar experience. In *Peterson-Hooks*, Case No. 12-CV-01019-PAB-BNB, 2013 WL 2295449, at *8, Judge Brimmer found that the applicable rates for a paralegal is between $75.00 and $99.00 per hour and approved a rate of $110.00 per hour for compensable work performed by paralegals on a showing that the paralegal had "significant experience."[6]

Defendant argues that the recovery rate for a paralegal should be no higher than $110.00 per hour.

In light of the above, the Court finds that the prevailing market rate for Tremain Davis is $110.00 per hour.

### 4. Lodestar Amount

Based on the forgoing, the Court finds the following is the Lodestar Amount for each individual who worked on this matter:

| Name | Title | Hours | Rate | Total |
|---|---|---|---|---|
| David McDevitt | Attorney | 95.1 | $200.00 | $19,020.00 |
| Russ Thompson | Partner | 2.7 | $200.00 | $540.00 |
| Joe Panvini | Attorney | 3.2 | $200.00 | $640.00 |

---

[6] The Court notes that *Peterson-Hooks* was decided in 2013 based upon paralegal rates in 2010 and 2011. Plaintiff, however, has failed to provide the Court with evidence that the paralegal rate has changed since that time. Plaintiff cites to *Youchoff v. IQ Data Int'l, Inc.*, Case No. 12-CV-00831-RBJ-MEH, 2013 WL 2378581, at *2 (D. Colo. May, 2013) in support of the proposition that paralegals are entitled to a rate of $135.00 per hour. (ECF No. 93 at 6.) Again, that is another case decided in 2013 and Plaintiff provides no comparison between the experience and skill of the paralegals in *Youchoff* and in this matter.

| | | | | |
|---|---|---|---|---|
| RJ Lamb | Attorney | 5.5 | $200.00 | $1,100.00 |
| Tracey Tiedman | Attorney | 2.3 | $200.00 | $460.00 |
| Craig Ehrlich | Partner | 5.3 | $200.00 | $1,060.00 |
| Eric Awerbuch | Attorney | 14.0 | $200.00 | $2,800.00 |
| Tremain Davis | Paralegal | 15.7 | $110.00 | $1,727.00 |
| Total | | | | $27,347.00 |

### 5.    Level of Success

In addition to the lodestar calculation, the Court may consider the reasonableness of the attorney fees in light of a party's success or lack thereof, and then adjust the fee upward or downward. *Hensley*, 461 U.S. at 434.  In *Hensely*, the Supreme Court explained that where a plaintiff is deemed the "prevailing party," despite success on only some claims for relief, two considerations are important when awarding fees:  (1) whether the plaintiff lost on claims that were unrelated to his successful claims; and (2) whether "the plaintiff achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award[.] *Id*. at 434.  The first consideration requires the Court to determine whether the 'plaintiff's claims for relief . . . involve a common core of facts or [are] based on related legal theories." *Id*. at 434. The second consideration requires the Court to determine the "significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id*.  The Supreme Court noted, however, that a fee reduction would be appropriate "if the relief, however significant, [was] limited in comparison to the scope of the litigation as a whole." *Id*. at 440.

Defendant argues that because Plaintiff achieved success on only one claim out of five, the Lodestar amount should be reduced by 34% or 50%.  (ECF No. 88 at 9-15.)

*Hensley* rejected a mathematical approach whereby a district court compares "the total number of issues in the case with those actually prevailed upon." *Hensley*, 461 U.S. at 435 n. 11. Consistent with *Hensley*, Plaintiff brought multiple claims under the FDCPA and the FDCPA claims involve a "common core of facts" or "related legal theories." (*See* ECF Nos. 27 at 2, 9-11; 38 at 5 ("Rather, Plaintiff's only position stated is that Defendant BRT is prevented, under the theory of waiver, from charging statutory interest of 8% on the unpaid balance of the Plaintiff's open account. It is relating this interested issue that the Plaintiff's FDCPA claims are primarily based."); 48 at 11 ("In his Complaint, Plaintiff alleges that Defendant violated 15 U.S.C. §§ 1692e(2)(A), 1692e(8), 1692e(10), and 1692f through its attempts to collect the [d]ebt."), 48 at 15 ("To evaluate whether Defendant's collection attempt was permitted by law, the court must determine whether state substantive law permitted Defendant to apply the eight percent interest rate to Plaintiff's account."); 48 at 16-17; 53 at 7 ("Defendant reported an outstanding balance to credit reporting agencies based on a total balance that included 8% statutory interest.").) Significantly, Defendant did not object to the Magistrate Judge's finding (ECF No. 48 at 11, 15-17) that characterized the related nature of Plaintiff's FDCPA claims and common core of facts. (*See generally* Dkt.) Because of FDCPA claims' common core of facts and related legal theory, Plaintiff may claim all hours reasonably necessary to litigate those claims. Because Plaintiff's FDCPA claims are based on a common core of facts and related legal theory, the Court must focus on the significance of the overall relief obtained. *See Ramos*, 713 F.2d at 556. In this matter, the jury held that Defendant violated the FDCPA with respect to Claim IV. (ECF No. 83 at 2.) This holding achieved Plaintiff's primary purpose in bringing this litigation.

With respect to the EFTA claims, the Court agrees with Defendant that Plaintiff's lack of success on those claims and their lack of common facts or related legal theory to the FDCPA

claims require the Court not to award fees for work done in furtherance of those claims.

Defendant, however, does not identify for the Court those entries in "Plaintiff's billing summary

related to the EFTA claim." (*See* ECF No. 88 at 10.)  The Court is able to discern 3.5 hours of

work completed by Eric Awerbuch related to the EFTA claims. (ECF No. 87-1 at 16-17.)  The

Court, thus, reduces the number of hours by 3.5 at Awerbuch's hourly rate of $200.

### B.    Costs

Local Civil Rule 54.1 provides

> [e]ach judgment or final order shall indicate any party entitled to costs.  Unless otherwise ordered, the clerk shall tax costs in favor of a prevailing party or parties.  A bill of costs shall be filed on the form provided by the court HERE [hyperlink removed] no later than 14 days after entry of the judgment or final order.  After filing a bill of costs and prior to appearing before the clerk, counsel and any unrepresented party seeking costs shall file a written statement that they have conferred as to disputes regarding costs.  If all disputes are resolved, a stipulation specifying costs shall be filed with the court.

D.C. Colo. L. Civ. R. 54.1.

In this matter, the final judgment indicated that Plaintiff is "AWARDED costs, to be taxed

by the Clerk of the Court pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1." (ECF

No. 86 at 1-2.)  By filing the request for costs directly with the Court, Plaintiff did not follow the

Court's Order (ECF No. 86).  Therefore, at this juncture, the Court denies, without prejudice,

Plaintiff's request for costs and directs Plaintiff to follow the applicable Federal and Local Civil

Rules of Procedure.

IV.    **CONCLUSION**

Based on the foregoing, the Court:

(1)    GRANTS, in part, and DENIES, in part, Plaintiff's motion for attorney fees and costs (ECF No. 87), to wit, Court:

(i)    AWARDS Plaintiff $26,647.00 in attorneys' fees as outlined previously; and

(ii)    GRANTS Plaintiff leave to file, on or before October 30, 2015, a proposed bill of costs in compliance District of Colorado Local Civil Rule 54.1 and all other applicable Federal Rules of Civil Procedure.

DATED this 23rd day of October, 2015.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge